| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | MELISSA A. VERMILLION<br>CA NO. 241354<br>BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP<br>20955 PATHFINDER ROAD<br>SUITE 300<br>DIAMOND BAR , CA 91765<br>Phone: (626) 915-5714, Fax: (972) 661-7726<br>E-mail: NDCAECF@BDFGROUP.COM<br>File No. 7558646 |

Attorneys for Movant
WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>GRACIE MARQUEZ,<br><br>Debtor(s). | CASE NO.: 14-53859 MEH-13<br>CHAPTER: 13<br>R.S. NO.: EAT-1941<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY<br><br>[PROPERTY: 72 SUNSET COURT, SAN JOSE, CA 95116-2550]<br><br>DATE: 6/1/2018<br>TIME: 10:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 3020<br>280 S. First Street<br>San Jose, CA 95113-3099 |

WELLS FARGO BANK, N.A. ("Movant" or "Creditor"), its assigns and/or successors in interest hereby moves the court for an Order Terminating Automatic Stay for cause *11 U.S.C. Section 362(d)(1)* and the co-debtor stay of 11 U.S.C. § 1301(a) on the grounds hereafter set forth:

1

MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

1. On September 19, 2014, the Debtor GRACIE MARQUEZ ("Debtor") commenced this voluntary Chapter 13 case in the United States Bankruptcy Court for the District of California, San Jose Division, Case No. 14-53859 MEH-13. DEVIN DERHAM-BURK is the duly appointed, qualified and acting Chapter 13 Trustee. An Order confirming Debtor's Chapter 13 Plan was entered on August 3, 2015.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1*408 and *1409*.

3. The Debtor's estate includes real property commonly known as **72 SUNSET CT, SAN JOSE, CA 95116-2550** ("Property"), and legally described in the attached Deed of Trust.

4. Movant, its successors and assigns, is the current holder of Note in the original sum of $442,500.00 executed on or about July 19, 2006 by the non-filing Borrower ALBERTO S. MARQUEZ in favor of WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK. Borrower executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. The Note is secured by a first priority Deed of Trust against said real property recorded on July 26, 2006 as Document No. 19034043 in the Office of the County Recorder of Santa Clara, California. Pages 15 and 16 of the Deed of Trust are signed by the Borrower's spouse GRACIELA FRANCO MARQUEZ ("Debtor") joining in the Deed of Trust waiving, encumbering, subordinating, conveying and/or waiving any current or potential interest in the Property. Debtor is not a borrower on the Note or Deed of Trust.

///

///

5.  The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between Wachovia Mortgage, FSB and the Borrower ALBERTO S. MARQUEZ dated October 8, 2009 (the "Loan Modification Agreement").

6.  Movant was formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Effective December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB. Effective November 1, 2009, Wachovia Mortgage, FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged into and became a division of Wells Fargo Bank, National Association. Copies of said name change and merger documents are attached as **Exhibit 5**, to the Exhibit Document filed herewith and incorporated herein by this reference.

7.  The Debtor(s) defaulted in the monthly payment obligations prior to bankruptcy filing, and a Proof of Claim itemizing the Debtor's pre-petition default has been filed. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on May 19, 2014. A Notice of Trustee's Sale was recorded on September 2, 2014. There is no foreclosure sale date scheduled.

8.  As of May 7, 2018, the Debtor has materially defaulted in her obligations by failing to make regular post-petition monthly mortgage installments totaling $33,453.59, less $1,987.42 in suspense, for a total post-petition delinquency of $31,466.17, through and including May 1, 2018. Another post-petition installment of $3,058.27 will become due on June 1, 2018.

9.  The Debtor's material default constitutes cause to terminate the automatic stay under 11 U.S.C. Section 362(d)(1) so that Movant can progress enforcement of its contractual default remedies to foreclose upon and recover possession of the real property. *See In re Ellis*, 60 B.R. 432, 434-435 (9th Cir. BAP 1985). Further, any co-debtor stay should also be terminated as it has not been

shown to have any basis to exist independent of the stay under 11 U.S.C. §362(a). *See* 11 U.S.C. §1301(c).

10. Despite the Debtor's confirmed chapter 13 plan treatment, Movant's records reflect that the Debtor is not under a loan modification review. Debtor was denied for a new loan modification on our about December 2, 2015, written notice of the denial is attached as **Exhibit 6**.

WHEREFORE, movant prays for an Order as follows:

1. For an order granting relief from the automatic stay under *11 U.S.C. Section 362(d)(1)* to allow moving party to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. For an order terminating the co-debtor stay under 11 U.S.C. §1301(a) as to the co-debtor, on the same terms and conditions as to the Debtor.

3. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing, or court order.

4. That the Order Granting Motion for Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a )(3)* of the *Federal Rules of Bankruptcy Procedure*.

5. For such other relief as the court deems proper.

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP

Dated: 5/17/2018          By:     /s/ Melissa A. Vermillion
                                  MELISSA A. VERMILLION
                                  Attorney for Movant